1    **WO**

2

3

4

5

6                   **IN THE UNITED STATES DISTRICT COURT**

7                        **FOR THE DISTRICT OF ARIZONA**

8

9    Continental Casualty Company, et al.,          No. CV-21-01251-PHX-DLR

10                   Plaintiffs,                     **ORDER**

11   v.

12   Nancy Culver, et al.,

13                   Defendants.

14

15

16          The parties have submitted a stipulation for the entry of a protective order.  (Doc.

17   64.)  The proposed protective order requires discovery materials to be kept confidential by

18   the parties and filed with the Court under seal.  (Doc. 64-1 ¶ 8.)  The Court will not enter

19   an order that gives advance authorization to file documents under seal merely because they

20   were designated by one party or the other as confidential during discovery.  *See* LRCiv

21   5.6(b).  Instead, a party seeking to file a document under seal must comply with prevailing

22   Ninth Circuit standards for obtaining such relief.

23          The public has a right to access judicial records.   *San Jose Mercury News, Inc. v.*

24   *U.S. Dist. Court—N. Dist. (San Jose)*, 187 F.3d 1096, 1100, 1101 (9th Cir. 1999).   The

25   Court therefore begins "with a strong presumption in favor of access to court records."

26   *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003).   A party

27   seeking to overcome this presumption and file a judicial record under seal generally must

28   provide a compelling reason for doing so.  *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809

F.3d 1092, 1096 (9th Cir. 2016).  Examples of compelling reasons "include when a court record might be used to gratify private spite or promote public scandal, to circulate libelous statements, or as sources of business information that might harm a litigant's competitive standing."  *Id.* (internal quotations and citation omitted).  A movant's reason for seeking to seal a judicial record must be supported by an articulable factual basis, rather than "hypothesis or conjecture."  *Id.* at 1096-97 (internal quotations and citation omitted).

The Ninth Circuit has carved out an exception to this general rule "for sealed materials attached to a discovery motion unrelated to the merits of the case."  *Id.* at 1097.  A party seeking to seal such materials "need only satisfy the less exacting 'good cause' standard."  *Id.*  Although earlier decisions from the Ninth Circuit sometimes used the words "dispositive" and "non-dispositive" to describe the dividing line between those records governed by the compelling reasons standard and those governed by the good cause standard, the Ninth Circuit has since clarified that "[t]he focus . . . is on whether the motion at issue is more than tangentially related to the underlying cause of action."  *Id.* at 1099.  Sometimes non-dispositive motions are unrelated or only tangentially related to the merits of a case; other times they "are strongly correlative to the merits of a case."  *Id.*  The exception to the ordinary compelling reasons standard applies only to judicial records that are unrelated or merely tangentially related to the merits of a case.  Sealing a record that is more than tangentially related to the merits of a case requires a compelling justification.

A party's designation of a document as confidential pursuant to a protective order is not, without more, a compelling reason or good cause for sealing that document once it is used to support a submission with the Court.  *See San Jose Mercury News*, 187 F.3d at 1103 ("Such blanket orders are inherently subject to challenge and modification, as the party resisting disclosure generally has not made a particularized showing of good cause with respect to any individual document."); *Marsteller v. MD Helicopter Inc.*, No. CV-14-01788-PHX-DLR, 2017 WL 5479927, at *2 (D. Ariz. Nov. 15, 2017) ("Ordinarily ... a party's designation of a document as confidential is not per se good cause.").  Once a party decides to use a document to support a filing with the Court, the party asserting

1   confidentiality must show either good cause or compelling reasons (depending on the

2   nature of the filing) for sealing the record and cannot merely rely on the fact that the party

3   subjectively believes the document is confidential and has chosen to designate it as such.

4          The parties' stipulation therefore is denied without prejudice.  If they so choose, the

5   parties may submit for the Court's approval a proposed protective order that adequately

6   accounts for LRCiv 5.6(b) and the Ninth Circuit's standards for filing documents under

7   seal.  If the parties are looking for guidance on how to craft such a provision, LRCiv 5.6(d)

8   provides some default rules that might prove helpful.

9          **IT IS ORDERED** that the parties' stipulation for entry of a protective order (Doc.

10  64) is **DENIED** without prejudice.

11         Dated this 5th day of May, 2022.

12

13

14

15                                          _____
                                            Douglas L. Rayes
16                                          United States District Judge

17

18

19

20

21

22

23

24

25

26

27

28